**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ROCHELLE MCGHEE<br><br>  Plaintiff,<br><br>v.<br><br>MADISON METROPOLITAN SCHOOL DISTRICT, MMSD,<br><br>  Defendant. | Case No. 20-CV-1039BBC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

  **COMES NOW** Defendant Madison Metropolitan School District ("Defendant" or "MMSD"), by and through the undersigned attorneys, and state as follows in response to Plaintiff Rochelle McGhee's ("Plaintiff") Pro-Se Complaint. For clarity, the allegations in Plaintiff's Complaint have been reduced to numbered sentences and restated as they appear in Plaintiff's Complaint, each separately answered below:

  1. Plaintiff is a citizen of Wisconsin and resides at 2898 South Syene Rd. Social Studies and Current Events to all students and creating an inclusive environment for special education students, along with assisting (all) students in the classroom with assignments especially the special education students, assisting them throughout the day (inside + outside) of the classroom, planning and creating inclusive lesson plans for special education students and the general classroom, creating Individualized Education Plans (IEP's) for special education students and facilitating IEP meetings (etc).

  **Answer:** In answering paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a citizen of Wisconsin but denies knowledge or information sufficient to admit or deny that Plaintiff resides at the stated address and therefore denies the allegation. Further, Defendant states Plaintiff's paragraph 1 is confusing, vague and ambiguous in that it is comprised of

1

incomplete sentences, disjointed statements, and consequently Defendant is without knowledge or information sufficient to admit or deny the allegations contained therein and on that basis denies the same and demands strict proof thereof.

2. Complainant filed this complaint with Equal Rights Division on July 21, 2017 asserting that Respondent unfairly marginalized (held to a different standard) harassed (hostile work environment, and discriminated against her because of her race (black) or color (other) and in retaliation (opposing a practice) on several occasions 9/16 when she complained.

**Answer:** Defendant admits that Plaintiff filed a complaint with the Equal Rights Division on July 21, 2017 alleging that Defendant discriminated against Plaintiff based on her race and color and retaliated against Plaintiff for opposing alleged discrimination. Further answering paragraph 2, Defendant denies that it took any action constituting unlawful discrimination, harassment, or retaliation against Plaintiff.

3. Complainant states that her two white coworkers created a hostile work environment and marginalized – and segregated her and other African Americans (students) by putting in a separate cabin overnight (in the woods) from white staff and students.

**Answer:** In answering paragraph 3 of Plaintiff's Complaint, Defendant states Plaintiff's paragraph 3 is vague and ambiguous in that it does not identify the two coworkers in question, nor does it specify the date of the alleged incident. Defendant denies that Plaintiff was marginalized or subjected to unlawful discrimination, harassment, or retaliation while at MMSD.

4. The Complainant also claimed that this was to incite fear along with other work related occurrences.

**Answer:** In answering paragraph 4 of Plaintiff's Complaint, Defendant states Plaintiff's paragraph 4 is vague and ambiguous in that it does not specify what "other work related

occurrences" Plaintiff is referring to and consequently Defendant lacks knowledge or information sufficient to admit or deny the allegations stated therein, and on that basis denies the same and demands strict proof thereof. Further answering paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the intent of the unnamed coworkers Plaintiff refers to in her Complaint, and on that basis denies the same and demands strict proof thereof. Further answering paragraph 4, Defendant denies that it took any action constituting unlawful discrimination, harassment, or retaliation against Plaintiff or any other individual.

5.  I am suing for a violation of federal law under 28 U.S.C. § 1331.

**Answer:** In answering paragraph 5 of Plaintiff's Complaint, Defendant admits only that Plaintiff intends to bring her Complaint under 28 U.S.C. § 1331. Further, Defendant denies that it is liable to Plaintiff under 28 U.S.C. § 1331 or any other law.

6.  RELEIF [sic] WARRANTED — Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

- An public apology
- 20% of loss wages + raises missed
- Pain + suffering tax-free
- To be made whole (Damages)
- Attorney fees

**Answer:** In answering paragraph 6 of Plaintiff's Complaint, Defendant states only that Plaintiff purports to seek the relief stated therein. Further answering paragraph 6, Defendant denies that Plaintiff is entitled to any damages or other form of recovery from Defendant.

7. Jury Demand—I want a jury to hear my case

**Answer:** In answering paragraph 7 of Plaintiff's Complaint, Defendant admits only that Plaintiff purports to seek a jury trial in this matter. Further answering paragraph 7, Defendant states that Plaintiff is not entitled to a jury deciding a number of claims she has asserted in this action.

**WHEREFORE**: Defendant Madison Metropolitan School District respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, assess the costs of this matter to Plaintiff, and for such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1. Any allegations contained in Plaintiff's Complaint not specifically admitted are hereby denied.

2. Plaintiff's Complaint, and each alleged cause of action contained therein, fails to state a claim upon which relief may be granted.

3. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers that Plaintiff's claims are barred to the extent that she failed to comply with the applicable statutes of limitation.

4. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff cannot recover under Title VII for any alleged acts of discrimination, harassment, or retaliation that were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission.

5. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers some or all of each of Plaintiff's claims are barred by her failure to comply with all conditions precedent to the commencement of this action.

6. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff is barred from recovering for any alleged discrimination because (1) she did not suffer any tangible adverse employment action due to her protected class status; (2) Defendant exercised reasonable care to prevent and correct any discriminatory behavior based on protected class status; and (3) Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant and/or failed to otherwise avoid harm.

7. Plaintiff's claims are barred, in whole or in a part, because at all times relevant to this action, Defendant's employment decisions were made for legitimate non-discriminatory, non-pretextual, and non-retaliatory reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, Defendant would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

8. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff's Complaint, and each and every alleged cause of action contained therein, is barred by the fact that Plaintiff's protected activity, if any, was not a motivating factor in any decision made concerning her employment status or any terms and conditions of her employment.

9. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff's Complaint, and each and every alleged cause of action contained therein, is barred by the fact that Plaintiff's race was not a motivating factor in any decision made concerning her employment status or any terms and conditions of her employment.

10. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff's claims are barred by her failure to report any alleged acts of harassment to an appropriate representative of Defendant.

11. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers some or all of Plaintiff's claims are barred since Defendant instituted reasonable and effective policies and procedures designed to ensure effective action on any complaints of discrimination or harassment.

12. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

13. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

14. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers in the event any of the allegations of unlawful conduct contained in Plaintiff's Complaint are found to have merit, Defendant took prompt and effective action to remedy such actions and has no liability for them.

15. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers that Plaintiff cannot recover punitive damages in this action because Defendant is a governmental entity.

16. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers neither it nor any of its employees or agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Plaintiff's federally-protected rights.

17. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers it cannot be held liable for acts of its employees or agents, if any, committed outside the scope of their employment.

18. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers it cannot be held liable for the acts of its agents or employees that it did not direct, authorize, or ratify.

19. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff cannot recover punitive or other non-economic damages against Defendant because it made good faith efforts to prevent any discrimination and/or retaliation in the workplace.

20. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers Plaintiff's claims for punitive damages are barred because any unlawful actions or decisions were contrary to Defendant's good faith efforts to comply with the law and Plaintiff cannot prove that Defendant acted with malice or reckless indifference with regard to her protected rights.

21. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers if Plaintiff was damaged in any amount, Plaintiff failed to mitigate her damages and, therefore, recovery is either barred or must be reduced proportionately.

22. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers any back pay or front pay amounts allegedly owed to Plaintiff are completely speculative in nature.

23. To the extent Plaintiff has suffered damage or loss, Plaintiff's recovery is limited by the applicable statutory cap under federal employment laws.

24. Defendant reserves the right to assert affirmative defenses that become known during discovery and/or trial.

**WHEREFORE**, Defendant requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant, that Defendant recover its reasonable attorneys' fees and costs, and for such other and further relief as the court deems just and equitable.

Dated this 18th day of February, 2021.

Respectfully submitted,

*/s/ Emery K. Harlan*
Emery K. Harlan
WI State Bar No. 1000240
MWH LAW GROUP, LLP
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354
emery.harlan@mwhlawgroup.com
*Attorneys for Defendant Madison Metropolitan School District*