UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROCHELLE MCGHEE,

       Plaintiff,                      CASE NO. 20-CV-1039

v.

MADISON METROPOLITAN SCHOOL DISTRICT,

       Defendant.

---

### AMENDED COMPLAINT

---

### PRELIMINARY STATEMENT

1. Plaintiff Rochelle McGhee ("Plaintiff") brings this action against her former employer, Madison Metropolitan School District ("Defendant" or "MMSD") for violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.,., as amended ("Title VII") with respect to Defendant discriminating against Plaintiff based on race (African American), color, and in retaliation for filing complaints based on discrimination, and Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as amended ("ADEA"), because Defendant also discriminated against Plaintiff based on age (born March 12, 1969).

2. Plaintiff brings this action for the purpose(s) of obtaining relief for back pay, reinstatement or frontpay, liquidated damages, costs, attorneys' fees, punitive damages, injunctive relief, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621 et seq. – federal statutes in place at the time of the actions alleged that gave rise to this complaint.

4. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendant maintained substantial and systematic contacts in this District during the events that gave rise to the claims.

## PARTIES

6. Defendant is a school district located in Dane County, Wisconsin.

7. Plaintiff is an adult resident of Fitchburg, WI.

8. The events that gave rise to this action occurred primarily in Dane County, Wisconsin.

## GENERAL ALLEGATIONS

9. Plaintiff is an African-American female, born in March of 1969.

10. Beginning in September of 2016, Defendant - particularly Katie S. – started contradicting Plaintiff's direction to her students (students of color), telling the students not to do what Plaintiff had clearly advised them to do. And even sent the students to security for listening to Plaintiff.

11. Plaintiff began complaining to Principal, Kristen F., about the discrimination she was suffering from at the hands of Defendant, beginning before the field trip in September of 2016. And, Plaintiff told Kristen F. she did not even wish to go on the field trip because of how uncomfortable she was.

12. On or about September 28-29, 2016, students were segregated into cabins based on race, with Plaintiff being segregated into an all-female African American cabin. This was upsetting to the students, at least one of whom transferred after the field trip (JB). That student, JB, asked Plaintiff why Abby M. was "raising her voice and rolling her eyes" at Plaintiff. JB and her parents were upset that they had been segregated.

13. After Plaintiff returned from the field trip, Plaintiff complained to Kristen F. about the discrimination on the field trip. At that point, Kristen F. started treating Plaintiff poorly.

14. From that point forward, Plaintiff complained of the discrimination she suffered at work on a near daily basis. This included complaining about Abby M. isolating Plaintiff and obstructing her from doing her work and Katie S.

undermining Plaintiff to her students in the workplace (which again prevented Plaintiff from doing her job).

15. Then, in or about November of 2016, Defendant continued harassing Plaintiff, by withholding information and ostracizing Plaintiff in front of her students, and by Kristen F. reprimanding, correcting, yelling at, and undermining Plaintiff. During this time, a parent came in for a meeting while Plaintiff was meeting with a different student's parent. The meeting was rescheduled, but Plaintiff was never provided that information. The person who had rescheduled – Abby M. – was never reprimanded, corrected, yelled at, or undermined.

16. On or about March 10, 2017, Abby M., Katie S., and Kristen F. forcibly removed Plaintiff and a special education student from the regular classroom. They CANNOT remove special Education students from the regular classroom without going through an IEP meeting. The entire special education group/class was removed out of the regular classroom, which is supposed to be an inclusive setting. Yet, the three women were trying to force Plaintiff to do so without this LEGAL process. They forcefully planned Plaintiff's exit while all the while harassing her to do so.

17. Additionally, on or around March 10, 2017, they created a color code agenda (again not including Plaintiff as the teacher and they designed it with no input from Plaintiff (the teacher)). It is Plaintiff's job to create and design lesson plans specifically for her special education students. Yet, these

women were not licensed to create and design lesson plans for special education students.

18.	On or about March 13, 2017, Defendant harassed Plaintiff during her birthday. That is, Abby M. tore up Plaintiff's birthday banner that her students had created for her.

19.	At some point in June of 2017, Kristin F. called Plaintiff into her office during the year end conference and asked her if she was leaving. In response to her question, Plaintiff told her it had not been confirmed. Then, Kristin F. went up to the front of the conference and told everyone Plaintiff was leaving, which made Plaintiff extremely embarrassed and devastated.

20.	On or about June 26, 2017, Plaintiff was moved to a new school – one of the worst middle schools in all of Madison – without giving her an interview, which is inconsistent with the normal process. Plaintiff was not given an opportunity to decline, apply to other schools, or stay. All summer long, she asked where should be going, and was kept in the dark.

21.	On or about February 21, 2017, Plaintiff wrote to James Howard on the school board advising him that she had been discriminated against by white teachers, something she had complained about at least since September of 2016. Plaintiff advised Mr. Howard that Kristen F. was trying to fire Plaintiff rather than deal with the problem. Plaintiff also advised Mr. Howard that she was forced to miss work due to the stress she

was experiencing.

22. After Plaintiff complained to Mr. Howard, the matter was investigated internally. The internal investigator intimated to Plaintiff that that bullying had taken place. Plaintiff took the investigator's lead, and proceeded in the filing of a complaint with DWD.

23. In or about September of 2017, Plaintiff was moved to Schenk Middle School, which was retaliatory for her earlier complaints. While it was the normal process to meet with staff and students, and to familiarize the teacher with the students' testing, IEPs, and other file information, this was not provided to Plaintiff. She was treated as someone who hadn't worked for the district before even though she had.

24. The Principal, Ms. A., at the new school was the former Assistant to the Superintendent at Plaintiff's previous school. Ms. A. asked Plaintiff to meet in her office and asked if Plaintiff could talk to her off the record; Ms. A. advised Plaintiff that she had major problems with what she had heard happened with Plaintiff the previous year at Sherman and threatened that it should not happen again.

25. After their meeting, Ms. A. started removing support people for Plaintiff's extremely difficult special education students. And, without Plaintiff's support people there to help, Ms. A. would regularly yell at Plaintiff for issues in the classroom.

26. One day, Ms. A. came into the room as Plaintiff was working

with an African American student. Ms. A. slammed her hand down on the table in the library and yelled at Plaintiff in front of the student.

27.     Then, in October of 2017, during a teacher conference, Plaintiff had to leave abruptly when her mother was rushed to the hospital and advised by the hospital staff that she could have died. When Plaintiff advised Defendant that she was at the hospital and that her mother could have died, Defendant responded that she return to work immediately.

28.     In February of 2018, after Plaintiff's doctors advised her that she could not return to work given the repeated harassment that Defendant refused to do anything about, Plaintiff went on medical leave.

29.     Eventually, Heidi S. approved Plaintiff's disability, and advised Plaintiff at the time that her claim was approved because "of the high level of stress and harassment that you experienced at MMSD."

30.     Plaintiff suffered anxiety, depression, and serious health issues since going on leave.

FIRST CLAIM FOR RELIEF
Violations of Title VII -
Hostile Work Environment

31.     Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

32.     Title VII prohibits discrimination that makes work objectively and subjectively hostile due, at least in part, to an employee's race and color.

33. During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

34. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

35. Plaintiff was subjected to daily discriminatory treatment that was embarrassing and that interfered with her ability to do her job.

36. Defendant was repeatedly put on notice and chose to do nothing, other than perpetuate the harm further – by treating Plaintiff worse than her white counterparts and moving Plaintiff to a worse school with a new Principal that actively threatened Plaintiff and removed support people.

37. Defendant's conduct constitutes willful discrimination against Plaintiff.

38. Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

## SECOND CLAIM FOR RELIEF

Violations of Title ADEA -
Hostile Work Environment

39. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

40. ADEA prohibits discrimination that makes work objectively

and subjectively hostile due to an employee's age.

41. During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under ADEA.

42. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of ADEA.

43. Plaintiff was subjected to daily discriminatory treatment that was embarrassing and that interfered with her ability to do her job.

44. Defendant was repeatedly put on notice and chose to do nothing, other than perpetuate the harm further – by treating Plaintiff worse than her younger, white counterparts and moving Plaintiff to a worse school with a new Principal that actively threaten Plaintiff and removed support people.

45. Defendant's conduct constitutes willful discrimination against Plaintiff.

46. Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

### THIRD CLAIM FOR RELIEF
Violations of Title VII -
Constructive Discharge

47. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

48. Title VII prohibits termination, including constructive discharge.

49. During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

50. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

51. Defendant's repeated refusal to step in and help when the discrimination became especially hostile caused Plaintiff to suffer health conditions that made it oppressive to stay working for Defendant. This caused Plaintiff to be constructively discharged.

52. Defendant's conduct causing Plaintiff to become constructively discharged constitutes willful discrimination against Plaintiff.

53. Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

FOURTH CLAIM FOR RELIEF
Violations of Title VII -
Retaliation

54. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

55. Title VII prohibits retaliation when an employee engages in protected conduct, including by complaining internally of discrimination.

56. During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

57. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

58. Instead of helping Plaintiff to remedy discrimination at the workplace, Defendant moved Plaintiff to one of the worse schools, made discrimination worse than before the complaints, and removed support people to help with her students.

59. Defendant's retaliation constitutes willful discrimination against Plaintiff.

60. Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

## REQUEST FOR RELIEF

WHEREFORE, it is respectfully prayed that this court grant the following relief:

   a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as dilatory or otherwise unjust as defined by Wisconsin Law;

   b) An Order finding that Defendant's violations of law were dilatory or otherwise unjust;

   c) Judgment against Defendant in the amount equal to

      Plaintiff's lost wages in back pay, front pay, punitive damages, compensatory damages, and liquidated damages for Defendant's violations;

d) An award of reinstatement;

e) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such other relief as the Court deems just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial pursuant to FED. R. CIV. P. 38(b).

Dated this 24th day of June, 2021.

                                            Respectfully submitted,

                                            s/ Maxwell C Livingston
                                            Maxwell C Livingston
                                            SBN 1084764
                                            Law Offices of Maxwell Charles Livingston,
                                            16601 W Greenfield Ave
                                            New Berlin, WI 53151
                                            Telephone: (262) 317-9717
                                            Fax: (866) 433-4321
                                            Email: max@maxlivingstonlaw.com