## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROCHELLE MCGHEE,<br><br>     Plaintiff,<br><br>v.<br><br>MADISON METROPOLITAN SCHOOL DISTRICT, MMSD,<br><br>     Defendant. | Case No. 20-CV-1039<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

**NOW COMES** Defendant Madison Metropolitan School District ("Defendant" or "MMSD"), by and through its attorneys, MWH Law Group LLP, and as and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, hereby admit, deny, allege, and show to the Court as follows:

<u>PRELIMINARY STATEMENT</u>

1.      Plaintiff Rochelle McGhee ("Plaintiff") brings this action against her former employer, Madison Metropolitan School District ("Defendant" or "MMSD") for violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.,., as amended ("Title VII") with respect to Defendant discriminating against Plaintiff based on race (African American), color, and in retaliation for filing complaints based on discrimination, and Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as amended ("ADEA"), because Defendant also discriminated against Plaintiff based on age (born March 12, 1969).

**Answer: In answering paragraph 1 of Plaintiff's Amended Complaint, Defendant admits Plaintiff was employed by Madison Metropolitan School District. Defendant admits, upon information and belief, Plaintiff was born on March 12, 1969 and is African American. Defendant admits Plaintiff asserts claims under Title VII and the ADEA. Defendant denies**

**it subjected Plaintiff to discrimination and retaliation. Defendant further denies that Plaintiff is entitled to any damages.  Defendant denies all remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.**

2.      Plaintiff brings this action for the purpose(s) of obtaining relief for back pay, reinstatement or frontpay, liquidated damages, costs, attorneys' fees, punitive damages, injunctive relief, and/or any such other relief that the Court may deem appropriate.

**Answer:  Defendant admits Plaintiff asserts claims under Title VII and the ADEA. Defendant denies it subjected Plaintiff to discrimination and retaliation. Defendant further denies that Plaintiff is entitled to any damages. Defendant denies all remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.**

<u>JURISDICTION AND VENUE</u>

3.      The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 42 U.S.C. § 2000e, et seq. and 29 U.S.C. § 621 et seq. – federal statutes in place at the time of the actions alleged that gave rise to this complaint.

**Answer: Defendant admits paragraph 3 of Plaintiff's Amended Complaint.**

4.      The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer: In answering paragraph 4 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 4 of Plaintiff's Amended Complaint.**

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendant maintained substantial and systematic contacts in this District during the events that gave rise to the claims.

**Answer: In answering paragraph 5 of Plaintiff's Amended Complaint, Defendant admits the allegations contained in Plaintiff's Amended Complaint would have occurred within the Western District of Wisconsin. Defendant denies that it committed any act or omission giving rise to the exercise of venue there and denies all remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.**

## PARTIES

6.      Defendant is a school district located in Dane County, Wisconsin.

**Answer: Defendant admits paragraph 6 of Plaintiff's Amended Complaint.**

7.      Plaintiff is an adult resident of Fitchburg, WI.

**Answer:  Defendant admits paragraph 7 of Plaintiff's Amended Complaint, upon information and belief.**

8.      The events that gave rise to this action occurred primarily in Dane County, Wisconsin.

**Answer:  In answering paragraph 8 of Plaintiff's Amended Complaint, Defendant admits the allegations contained in Plaintiff's Amended Complaint would have occurred in Dane County, Wisconsin. Defendant denies all remaining allegations contained in paragraph 8 of Plaintiff's Amended Complaint.**

## GENERAL ALLEGATIONS

9.      Plaintiff is an African-American female, born in March of 1969.

**Answer: Defendant admits paragraph 9 of Plaintiff's Amended Complaint, upon information and belief.**

10.     Beginning in September of 2016, Defendant - particularly Katie S. – started contradicting Plaintiff's direction to her students (students of color), telling the students not to do what Plaintiff had clearly advised them to do. And even sent the students to security for listening to Plaintiff.

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to Katie S.'s actions as such allegations are vague and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint.**

11.     Plaintiff began complaining to Principal, Kristen F., about the discrimination she was suffering from at the hands of Defendant, beginning before the field trip in September of 2016. And, Plaintiff told Kristen F. she did not even wish to go on the field trip because of how uncomfortable she was.

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "complaining" as such allegations are vague and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint.**

12.     On or about September 28-29, 2016, students were segregated into cabins based on race, with Plaintiff being segregated into an all-female African American cabin. This was upsetting to the students, at least one of whom transferred after the field trip (JB). That student, JB, asked Plaintiff why Abby M. was "raising her voice and rolling her eyes" at Plaintiff. JB and her parents were upset that they had been segregated.

**Answer: In answering paragraph 12 of Plaintiff's Amended Complaint, Defendant admits Plaintiff attended a field trip on or about September 28-29, 2016. Defendant denies students were segregated into cabins based on race and denies segregating Plaintiff based on race. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations as such allegations are vague and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 12 of Plaintiff's Amended Complaint.**

13.     After Plaintiff returned from the field trip, Plaintiff complained to Kristen F. about the discrimination on the field trip. At that point, Kristen F. started treating Plaintiff poorly.

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "complaining" and being "treat[ed] …poorly" as such allegations are vague and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 13 of Plaintiff's Amended Complaint.**

14.     From that point forward, Plaintiff complained of the discrimination she suffered at work on a near daily basis. This included complaining about Abby M. isolating Plaintiff and obstructing her from doing her work and Katie S. undermining Plaintiff to her students in the workplace (which again prevented Plaintiff from doing her job).

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "complaining," "isolating," "obstructing," "undermining" as such allegations are vague, and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 14 of Plaintiff's Amended Complaint.**

15.     Then, in or about November of 2016, Defendant continued harassing Plaintiff, by withholding information and ostracizing Plaintiff in front of her students, and by Kristen F. reprimanding, correcting, yelling at, and undermining Plaintiff. During this time, a parent came in for a meeting while Plaintiff was meeting with a different student's parent. The meeting was rescheduled, but Plaintiff was never provided that information. The person who had rescheduled – Abby M. – was never reprimanded, corrected, yelled at, or undermined.

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "harassing," "withholding information," "ostracizing," "reprimanding," "correcting," "yelling at," "undermining" as such allegations are vague, and Defendant consequently denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "a parent" and "a meeting" as such allegations are vague, and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 15 of Plaintiff's Amended Complaint.**

16.     On or about March 10, 2017, Abby M., Katie S., and Kristen F. forcibly removed Plaintiff and a special education student from the regular classroom. They CANNOT remove special Education students from the regular classroom without going through an IEP meeting. The entire special education group/class was removed out of the regular classroom, which is supposed to be an inclusive setting. Yet, the three women were trying to force Plaintiff to do so without this LEGAL process. They forcefully planned Plaintiff's exit while all the while harassing her to do so.

**Answer: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations relative to "forcibly removed," "the entire**

special education group/class," "removed," "regular classroom", "supposed to be," "force," "forcefully planned," "exit," "harassed" as such allegations are vague, and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.     Additionally, on or around March 10, 2017, they created a color code agenda (again not including Plaintiff as the teacher and they designed it with no input from Plaintiff (the teacher)). It is Plaintiff's job to create and design lesson plans specifically for her special education students. Yet, these women were not licensed to create and design lesson plans for special education students.

**Answer: In answering paragraph 17 of Plaintiff's Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as such allegations are vague and does not specify any actor who allegedly engaged in the conduct and Defendant consequently denies the same. Defendant denies all remaining allegations contained in paragraph 17 of Plaintiff's Amended Complaint.**

18.     On or about March 13, 2017, Defendant harassed Plaintiff during her birthday. That is, Abby M. tore up Plaintiff's birthday banner that her students had created for her.

**Answer: In answering paragraph 18 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 18 of Plaintiff's Amended Complaint.**

19.     At some point in June of 2017, Kristin F. called Plaintiff into her office during the year end conference and asked her if she was leaving. In response to her question, Plaintiff told

her it had not been confirmed. Then, Kristin F. went up to the front of the conference and told everyone Plaintiff was leaving, which made Plaintiff extremely embarrassed and devastated.

**Answer: In answering paragraph 19 of Plaintiff's Amended Complaint, Defendant admits during an all-staff meeting June 9, 2017, Principal F. acknowledged all the staff members who were leaving Sherman, including Plaintiff, and thanked them for their service. Plaintiff, along with a number of other departing staff members, were given flowers as a gesture of gratitude. Further answering, Defendant denies knowledge and information sufficient to form a belief as to the state of mind of Plaintiff and therefore denies Plaintiff's allegation in paragraph 19 of Plaintiff's Amended Complaint that she was "extremely embarrassed and devastated." Defendant denies all remaining allegations in paragraph 19 of Plaintiff's Amended Complaint.**

20.     On or about June 26, 2017, Plaintiff was moved to a new school – one of the worst middle schools in all of Madison – without giving her an interview, which is inconsistent with the normal process. Plaintiff was not given an opportunity to decline, apply to other schools, or stay. All summer long, she asked where should be going, and was kept in the dark.

**Answer: Defendant denies paragraph 20 of Plaintiff's Amended Complaint.**

21.     On or about February 21, 2017, Plaintiff wrote to James Howard on the school board advising him that she had been discriminated against by white teachers, something she had complained about at least since September of 2016. Plaintiff advised Mr. Howard that Kristen F. was trying to fire Plaintiff rather than deal with the problem. Plaintiff also advised Mr. Howard that she was forced to miss work due to the stress she was experiencing.

**Answer: Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of Plaintiff's Amended Complaint, and on that basis,**

**denies the same. Defendant affirmatively states that any alleged writing is a written document that speaks for itself and inconsistent characterizations thereof are denied.**

22.     After Plaintiff complained to Mr. Howard, the matter was investigated internally. The internal investigator intimated to Plaintiff that that bullying had taken place. Plaintiff took the investigator's lead, and proceeded in the filing of a complaint with DWD.

**Answer: Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of Plaintiff's Amended Complaint, and on that basis, denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation relative to the phrases "took the investigator's lead" and "filing of a complaint with DWD" as such allegations are vague and Defendant consequently denies the same. Defendant denies all remaining allegations in paragraph 22 of Plaintiff's Amended Complaint.**

23.     In or about September of 2017, Plaintiff was moved to Schenk Middle School, which was retaliatory for her earlier complaints. While it was the normal process to meet with staff and students, and to familiarize the teacher with the students' testing, IEPs, and other file information, this was not provided to Plaintiff. She was treated as someone who hadn't worked for the district before even though she had.

**Answer: Defendant denies paragraph 23 of Plaintiff's Amended Complaint.**

24.     The Principal, Ms. A., at the new school was the former Assistant to the Superintendent at Plaintiff's previous school. Ms. A. asked Plaintiff to meet in her office and asked if Plaintiff could talk to her off the record; Ms. A. advised Plaintiff that she had major problems with what she had heard happened with Plaintiff the previous year at Sherman and threatened that it should not happen again.

**Answer: Defendant denies paragraph 24 of Plaintiff's Amended Complaint.**

25.     After their meeting, Ms. A. started removing support people for Plaintiff's extremely difficult special education students. And, without Plaintiff's support people there to help, Ms. A. would regularly yell at Plaintiff for issues in the classroom.

**Answer: Defendant denies paragraph 25 of Plaintiff's Amended Complaint.**

26.     One day, Ms. A. came into the room as Plaintiff was work with an African American student. Ms. A. slammed her hand down on the table in the library and yelled at Plaintiff in front of the student.

**Answer: Defendant denies paragraph 26 of Plaintiff's Amended Complaint.**

27.     Then, in October of 2017, during a teacher conference, Plaintiff had to leave abruptly when her mother was rushed to the hospital and advised by the hospital staff that she could have died. When Plaintiff advised Defendant that she was at the hospital and that her mother could have died, Defendant responded that she return to work immediately.

**Answer: In answering paragraph 27 of Plaintiff's Amended Complaint, Defendant admits, upon information and belief, that Plaintiff left work abruptly in October 2017 to attend to a family member. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relative to Defendant's conduct as such allegation is vague and does not specify any actor who allegedly engaged in the conduct and Defendant consequently denies the same.**

28.     In February of 2018, after Plaintiff's doctors advised her that she could not return to work given the repeated harassment that Defendant refused to do anything about, Plaintiff went on medical leave.

**Answer: Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of Plaintiff's Amended Complaint relative to what her doctor's advised her and on that basis, denies the same. Further answering, Defendant states that the allegations of harassment contained in paragraph 28 of Plaintiff's Amended Complaint constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 28 of Plaintiff's Amended Complaint. Further answering, Defendant admits Plaintiff went on medical leave in February 2018. Defendant denies all remaining allegations in paragraph 28 of Plaintiff's Amended Complaint.**

29.     Eventually, Heidi S. approved Plaintiff's disability, and advised Plaintiff at the time that her claim was approved because "of the high level of stress and harassment that you experienced at MMSD."

**Answer: In answering paragraph 19 of Plaintiff's Amended Complaint, Defendant admits Plaintiff went on medical leave in February 2018. Further answering, Defendant states that the allegations of harassment contained in paragraph 29 of Plaintiff's Amended Complaint constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 29 of Plaintiff's Amended Complaint. Defendant denies all remaining allegations in paragraph 29 of Plaintiff's Amended Complaint.**

30.     Plaintiff suffered anxiety, depression, and serious health issues since going on leave.

**Answer: Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 30 of Plaintiff's Amended Complaint, and on that basis, deny the same.**

<u>FIRST CLAIM FOR RELIEF</u>
Violations of Title VII
Hostile Work Environment

31.     Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

**Answer: By this reference, Defendant incorporates its answers to paragraphs 1 – 30 of Plaintiff's Amended Complaint as if fully set forth herein.**

32.     Title VII prohibits discrimination that makes work objectively and subjectively hostile due, at least in part, to an employee's race and color.

**Answer: In answering paragraph 32 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required.  To the extent the allegations constitute assertions of fact, Defendant admits paragraph 32 of Plaintiff's Amended Complaint.**

33.     During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

**Answer: In answering paragraph 33 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 33 of Plaintiff's Amended Complaint.**

34.     During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

**Answer: In answering paragraph 34 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 34 of Plaintiff's Amended Complaint.**

35.     Plaintiff was subjected to daily discriminatory treatment that was embarrassing and that interfered with her ability to do her job.

**Answer: In answering paragraph 35 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 35 of Plaintiff's Amended Complaint.**

36.     Defendant was repeatedly put on notice and chose to do nothing, other than perpetuate the harm further – by treating Plaintiff worse than her white counterparts and moving Plaintiff to a worse school with a new Principal that actively threatened Plaintiff and removed support people.

**Answer: In answering paragraph 36 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 36 of Plaintiff's Amended Complaint.**

37.     Defendant's conduct constitutes willful discrimination against Plaintiff.

**Answer: In answering paragraph 37 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 37 of Plaintiff's Amended Complaint.**

38.     Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

**Answer: In answering paragraph 38 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 38 of Plaintiff's Amended Complaint.**

SECOND CLAIM FOR RELIEF
Violations of Title ADEA
Hostile Work Environment

39.     Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

**Answer: By this reference, Defendant incorporates its answers to paragraphs 1 – 38 of Plaintiff's Amended Complaint as if fully set forth herein.**

40.     ADEA prohibits discrimination that makes work objectively and subjectively hostile due to an employee's age.

**Answer: In answering paragraph 40 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 40 of Plaintiff's Amended Complaint.**

41.     During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under ADEA.

**Answer: In answering paragraph 40 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive**

**pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 41 of Plaintiff's Amended Complaint.**

42.     During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of ADEA.

**Answer: In answering paragraph 42 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 42 of Plaintiff's Amended Complaint.**

43.     Plaintiff was subjected to daily discriminatory treatment that was embarrassing and that interfered with her ability to do her job.

**Answer: In answering paragraph 43 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 43 of Plaintiff's Amended Complaint.**

44.     Defendant was repeatedly put on notice and chose to do nothing, other than perpetuate the harm further – by treating Plaintiff worse than her younger, white counterparts and moving Plaintiff to a worse school with a new Principal that actively threaten Plaintiff and removed support people.

**Answer: In answering paragraph 44 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 44 of Plaintiff's Amended Complaint.**

45.     Defendant's conduct constitutes willful discrimination against Plaintiff.

**Answer: In answering paragraph 45 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 45 of Plaintiff's Amended Complaint.**

46.     Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

**Answer: In answering paragraph 46 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 46 of Plaintiff's Amended Complaint.**

THIRD CLAIM FOR RELIEF
Violations of Title VII
Constructive Discharge

47.     Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

**Answer: By this reference, Defendant incorporates its answers to paragraphs 1 – 46 of Plaintiff's Amended Complaint as if fully set forth herein.**

48.     Title VII prohibits termination, including constructive discharge.

**Answer: In answering paragraph 48 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 48 of Plaintiff's Amended Complaint.**

49.     During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

**Answer: In answering paragraph 49 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 49 of Plaintiff's Amended Complaint.**

50.     During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

**Answer: In answering paragraph 50 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 50 of Plaintiff's Amended Complaint.**

51.     Defendant's repeated refusal to step in and help when the discrimination became especially hostile caused Plaintiff to suffer health conditions that made it oppressive to stay working for Defendant. This caused Plaintiff to be constructively discharged.

**Answer: In answering paragraph 51 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 51 of Plaintiff's Amended Complaint.**

52.     Defendant's conduct causing Plaintiff to become constructively discharged constitutes willful discrimination against Plaintiff.

**Answer: In answering paragraph 52 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 52 of Plaintiff's Amended Complaint.**

53.     Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

**Answer: In answering paragraph 53 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 53 of Plaintiff's Amended Complaint.**

<u>FOURTH CLAIM FOR RELIEF</u>
Violations of Title VII
Retaliation

54.     Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

**Answer: By this reference, Defendant incorporates its answers to paragraphs 1 – 53 of Plaintiff's Amended Complaint as if fully set forth herein.**

55.     Title VII prohibits retaliation when an employee engages in protected conduct, including by complaining internally of discrimination.

**Answer: In answering paragraph 55 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 55 of Plaintiff's Amended Complaint.**

56.     During her employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

**Answer: In answering paragraph 56 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive**

**pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 56 of Plaintiff's Amended Complaint.**

57.     During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII.

**Answer: In answering paragraph 57 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant admits paragraph 57 of Plaintiff's Amended Complaint.**

58.     Instead of helping Plaintiff to remedy discrimination at the workplace, Defendant moved Plaintiff to one of the worse schools, made discrimination worse than before the complaints, and removed support people to help with her students.

**Answer: In answering paragraph 58 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 58 of Plaintiff's Amended Complaint.**

59.     Defendant's retaliation constitutes willful discrimination against Plaintiff.

**Answer: In answering paragraph 59 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 59 of Plaintiff's Amended Complaint.**

60.     Successful Plaintiff is entitled to reimbursement of costs, damages she is entitled to under the law, and attorneys' fees expended in successfully prosecuting an action.

**Answer: In answering paragraph 60 of Plaintiff's Amended Complaint, Defendant states that the allegations contained therein constitute legal conclusions to which a responsive pleading is not required. To the extent the allegations constitute assertions of fact, Defendant denies paragraph 60 of Plaintiff's Amended Complaint.**

**WHEREFORE:** Defendant Madison Metropolitan School District respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety, assess the costs of this matter to Plaintiff, and for such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1.      Any allegations contained in Plaintiff's Amended Complaint not specifically admitted are hereby denied.

2.      Plaintiff's Amended Complaint, and each alleged cause of action contained therein, fails to state a claim upon which relief may be granted.

3.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers that Plaintiff's claims are barred to the extent that she failed to comply with the applicable statutes of limitation.

4.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff cannot recover under Title VII for any alleged acts of discrimination, harassment, or retaliation that were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission.

5.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers some or all of each of Plaintiff's claims are barred by her failure to comply with all conditions precedent to the commencement of this action.

6.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff is barred from recovering for any alleged discrimination because (1) she did not suffer any tangible adverse employment action due to her protected class status; (2) Defendant exercised reasonable care to prevent and correct any discriminatory behavior based on protected class status; and (3) Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant and/or failed to otherwise avoid harm.

7.      Plaintiff's claims are barred, in whole or in a part, because at all times relevant to this action, Defendant's employment decisions were made for legitimate non-discriminatory, non-pretextual, and non-retaliatory reasons and were undertaken in good faith and in compliance with all applicable laws. Alternatively, Defendant would have made the same personnel decisions despite any proven discriminatory or retaliatory motive.

8.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff's Amended Complaint, and each and every alleged cause of action contained therein, is barred by the fact that Plaintiff's protected activity, if any, was not a motivating factor in any decision made concerning her employment status or any terms and conditions of her employment.

9.      Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff's Amended Complaint, and each and every alleged cause of action contained therein, is barred by the fact that Plaintiff's race was not a motivating factor in any decision made concerning her employment status or any terms and conditions of her employment.

10.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff's claims are barred by her failure to report any alleged acts of harassment, discrimination or retaliation to an appropriate representative of Defendant.

11.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers some or all of Plaintiff's claims are barred since Defendant instituted reasonable and effective policies and procedures designed to ensure effective action on any complaints of discrimination, harassment or retaliation.

12.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers if any of the allegations of unlawful conduct contained in Plaintiff's Amended Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

13.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

14.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers in the event any of the allegations of unlawful conduct contained in Plaintiff's Amended Complaint are found to have merit, Defendant took prompt and effective action to remedy such actions and has no liability for them.

15.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers that Plaintiff cannot recover punitive damages in this action because Defendant is a governmental entity.

16.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers neither it nor any of its employees or agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Plaintiff's federally-protected rights.

17.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers it cannot be held liable for acts of its employees or agents, if any, committed outside the scope of their employment.

18.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers it cannot be held liable for the acts of its agents or employees that it did not direct, authorize, or ratify.

19.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff cannot recover punitive or other non-economic damages against Defendant because it made good faith efforts to prevent any discrimination and/or retaliation in the workplace.

20.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers punitive damages are not recoverable damages allowed under the ADEA, as such, Plaintiff is barred from recovering those types of damages from Defendant.

21.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers Plaintiff's claims for punitive damages are barred because any unlawful actions or decisions were contrary to Defendant's good faith efforts to comply with the law and Plaintiff cannot prove that Defendant acted with malice or reckless indifference with regard to her protected rights.

22.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers if Plaintiff was damaged in any amount, Plaintiff failed to mitigate her damages and, therefore, recovery is either barred or must be reduced proportionately.

23.     Without admitting any of the allegations contained in Plaintiff's Amended Complaint, Defendant avers any back pay or front pay amounts allegedly owed to Plaintiff are completely speculative in nature.

24.     To the extent Plaintiff has suffered damage or loss, Plaintiff's recovery is limited by the applicable statutory cap under federal employment laws. Plaintiff is barred from recovering any element of damages to which she is not entitled based on Defendant's status as a school district and public sector entity.

25.     Defendant reserves the right to assert affirmative defenses that become known during discovery and/or trial.

**WHEREFORE,** Defendant requests that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant, that Defendant recover its reasonable attorneys' fees and costs, and for such other and further relief as the court deems just and equitable.

Dated this 9th day of July, 2021.

Respectfully submitted,

*/s/ Emery K Harlan*
Emery K. Harlan
WI State Bar No. 1000240
MWH LAW GROUP, LLP
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353

Fax: (414) 436-0354
emery.harlan@mwhlawgroup.com
*Attorneys for Defendant Madison*
*Metropolitan School District*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic document management/electronic filing system which will send notification of such filing to the following:

Maxwell C. Livingston
LAW OFFICES OF MAXWELL CHARLES LIVINGSTON
16601 W. Greenfield Avenue
New Berlin, WI 53151
Telephone: (262) 317-9717
Facsimile: (866) 433-4321
E-mail: max@maxlivingstonlaw.com
*Attorney for Plaintiff*

*/s/ Brooke E. Klingbeil*